**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**RALPH CAFARO,**

    **Plaintiff,**

**v.**                                                             **Case No: 8:14-CV-911-T-27EAJ**

**JURISCO BOND, et al.,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's **Affidavit of Indigency** (Dkt. 2), which the Court construes as a motion for leave to proceed in forma pauperis.

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Cleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted). Dismissal is also appropriate if review of the complaint reveals a lack of subject matter jurisdiction. See, e.g., Figueroa v. Poinciana Ass'n, No. 6:08-cv-830-Orl-19KRS, 2008 WL 3889623, at *1 (M.D. Fla. Aug. 20, 2008).

Plaintiff's complaint alleges embezzlement by James Boyko, Robert Ward, and Mary Ward

related to the administration of probate assets of the estate of Diane Wyllins ("Ms. Wyllins").[1] This is not the first complaint that Plaintiff has filed in the Middle District related to the administration of Ms. Wyllins' estate,[2] and it is appropriate for the district court to consider a plaintiff's previous meritless filings in deciding whether to dismiss a claim. See Bilal v. Driver, 251 F.3d 1346, 1350 (11th Cir. 2001).

This court has jurisdiction of civil actions where the amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties. 28 U.S.C. § 1332(a). Diversity of citizenship is present where, inter alia, the action is between citizens of different states. Id. at 1332(a)(1).[3] Plaintiff submits that this court has jurisdiction over his suit because all parties are Florida residents. (Id. at 2) However, the fact that Plaintiff, a Florida resident, is suing three Florida residents deprives the Court of jurisdiction as there is no diversity of citizenship.

Plaintiff also alleges that his constitutional rights have been violated as a result of his not receiving his share of inheritance from Ms. Wyllins' estate. (Dkt. 1 at 2) As he has argued in his previous complaints, Plaintiff appears unsatisfied with the proceedings that occurred in probate court. However, dissatisfaction with the decision of the probate court does not establish jurisdiction for this Court. See Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005) (A federal

---

[1] In his affidavit of indigency, Plaintiff also names Jurisco Bond and Alex Hanley in the caption. However, neither of these parties are named as Defendants in the complaint. In his demand for damages, Plaintiff requests forfeiture of a Jurisco bond. (Dkt. 1 at 6)

[2] Cafaro v. Jurisco, No. 8:10-cv-1507-T-26AEP; Cafaro v. Ward, No. 8:10-cv-1835-T-27MAP; Cafaro v. Wyllins, No. 8:10-cv-1836-T-30EAJ; Cafaro v. Jurisco, No. 8:11-cv-110-T-27AEP; Cafaro v. Pasco Probate Circuit Court, No. 8:11-cv-111-T-33TGW; Cafaro v. Jurisco Bond, No. 8:12-cv-928-T-33EAJ.

[3] Although other conditions may satisfy the diversity requirement, 28 U.S.C. § 1332(a)(2)-(4), there is no suggestion that they might apply in this matter.

district court cannot review "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). Accordingly, Plaintiff has not alleged constitutional civil rights violations that would establish federal question jurisdiction for the Court. 28 U.S.C. § 1331.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1)  Plaintiff's Motion for Leave to Proceed <u>In Forma Pauperis</u> (Dkt. 2) be **DENIED WITHOUT PREJUDICE**;

(2)  Plaintiff be granted an opportunity to file an amended complaint; and

(3)  Plaintiff's failure to timely file an amended complaint result in dismissal of this matter for lack of subject matter jurisdiction and/or failure to state a claim. <u>See also</u> Local Rule 3.10(a), M.D. Fla.

**Date: May 7, 2014**

*/s/ Elizabeth S. Jenkins*
ELIZABETH A JENKINS
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

Copies to:
Pro se Plaintiff
District Court Judge