**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RALPH CAFARO,**

    **Plaintiff,**

v.                                    Case No: 8:14-CV-911-T-27EAJ

**JURISCO BOND, et al.,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Ralph Cafaro's ("Plaintiff's") **Motion for Permission to Appeal In Forma Pauperis and Affidavit**.[1] (Dkt. 13)

On April 16, 2014, Plaintiff filed his complaint and moved to proceed in forma pauperis in this court. (Dkt. 1, 2) On May 7, 2014, the Court recommended Plaintiff's motion to proceed in forma pauperis be denied without prejudice because Plaintiff's complaint failed to establish subject-matter jurisdiction because all parties were Florida residents, but the Court recommended that Plaintiff be granted an opportunity to file an amended complaint. (Dkt. 4) Plaintiff filed objections to the Report and Recommendation on May 20, 2014 (Dkt. 5), and he filed an amended complaint on May 21, 2014 (Dkt. 7) On May 27, 2014, the District Judge adopted the Report and Recommendation, denying Plaintiff's motion to proceed in forma pauperis without prejudice, because Plaintiff's amended complaint failed to establish subject-matter jurisdiction. (Dkt. 8) On June 16, 2014, Plaintiff's case was dismissed with prejudice because Plaintiff did not file a second

---

[1] The motion has been referred to the undersigned for disposition or a report and recommendation (Dkt. 13). See 28 U.S.C. § 636(b)(1).

amended complaint. (Dkt. 9)  Plaintiff moved for reconsideration of the June 19, 2014 Order (Dkt. 10), which was denied on June 24, 2014 (Dkt. 11).  On July 14, 2014, Plaintiff filed a notice of appeal (Dkt. 12) and the pending motion (Dkt. 13).

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. Under Rule 24(a)(1) of the Federal Rules of Appellate Procedure, a party requesting to proceed with an appeal in forma pauperis must file a motion with the district court and "attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (c) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).

An appeal may not be taken in forma pauperis if "the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard." Ghee v. Retailers Nat'l Bank, 271 F. App'x 858, 859 (11th Cir. 2008) (per curiam) (unpublished) (citation omitted).  A claim is frivolous if it is "without arguable merit either in law or fact." Id. at 859-60 (citation and internal quotation marks omitted).

Plaintiff's affidavit reveals that he receives $1,194.00 in Social Security benefits per month and $120 in food stamps per month.  Plaintiff owns a 2008 Dodge truck on which he owes $8,000.00. Plaintiff's monthly expenses amount to $1,178.00, not including gas for his vehicle. His monthly expenses include: $800.00 for rent, $30.00 for water, $50.00 for electricity, $20.00 for telephone, $186.00 for truck payment, and $92.00 for truck insurance.

Plaintiff's affidavit of indigency reveals the requisite inability to pay the cost of proceeding on appeal. However, Plaintiff's appeal appears frivolous. After giving Plaintiff two opportunities beyond his initial Complaint (Dkt. 1) to establish subject-matter jurisdiction, the Court dismissed Plaintiff's Second Amended Complaint for lack of subject-matter jurisdiction, failure to comply with a Court Order, and lack of prosecution. (Dkt. 9)

Plaintiff's appeal is frivolous as he fails to assert any legal or factual basis for concluding that the district court erred. (Dkt. 12) Plaintiff's appeal focuses on his indigency and repeats the arguments presented in his complaints, but the appeal still fails to assert the court's subject-matter jurisdiction over his underlying claims. Therefore, Plaintiff's appeal is without arguable merit in fact or law and is not taken in good faith.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1)   Plaintiff's Motion for Permission to Appeal In Forma Pauperis and Affidavit (Dkt. 13) be **DENIED**.

ELIZABETH A JENKINS
United States Magistrate Judge

**Date: August 1, 2014**

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).

Copies to:
Pro Se Plaintiff